**Ex parte Bobby Ray HOPKINS.**

**No. 38173–02.**

Court of Criminal Appeals of Texas.

Feb. 12, 2004.

Gary A. Taylor, Austin, for appellant.

Dale S. Hanna, DA, Cleburne, Matthew Paul, State's Atty., Austin, for state.

### OPINION

Motion for stay of execution denied.

PRICE, J., filed a dissent to the order denying stay of execution.

PRICE, J., dissenting.

Today the Court votes to deny a stay of execution to an applicant who claims that the method and chemicals used in the administration of the death penalty in Texas is cruel and unusual under the Eighth and Fourteenth Amendments of the United States Constitution. I write separately because I would stay the applicant's execution pending a determination by this Court that the current method of administering the death penalty in Texas meets all constitutional requirements.

10. *Cravin v. State*, 95 S.W.3d 506, 509 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd).

This is a subsequent writ of habeas corpus. The Court may not consider the merits of or grant relief on the subsequent application unless the application meets the requirements provided in Texas Code of Criminal Procedure Article 11.071 § 5(a). The Court may consider a subsequent application if the current claims and issues "could not have been raised in a timely initial application" because "the legal basis for the claim was unavailable on the date that the applicant filed the previous claim."[1] The applicant argues that the present claim was unavailable because the Texas Legislature only recently enacted a ban prohibiting the use of pancuronium bromide in euthanizing animals.[2] Further, the applicant argues that the Court should recognize that this ban, combined with similar bans in twenty other states, demonstrates that "the evolving standards of decency that mark the progress of a maturing society" militate in favor of a national trend of legislatures finding that these chemicals are unacceptable for use in animals.[3]

The Supreme Court has stated that the "clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures."[4] Additionally, in *Atkins v. Virginia*,[5] the Court stated that "[i]t is not so much the number of these states that is significant, but the consistency of the change."[6] Here, although only twenty-one states have acted to ban the use of this pancuronium bromide in the euthanasia of animals, the consistency of this trend over the last several years indicates that there is a national trend recognizing that the use of pancuronium bromide is inhumane in the euthanasia of animals.

Especially poignant is our own legislature's action in banning the chemical.[7] Clearly, the State of Texas has acted to eliminate the cruel and inhumane euthanasia of animals by limiting the procedures and chemicals that can be used to euthanize. It stands to reason that what is cruel and inhumane for use in animals is also cruel and inhumane for use in human beings. Therefore, a national trend that recognizes that pancuronium bromide is inhumane for use in animals can also be said to be a national trend that recognizes that pancuronium bromide is inhumane for use in human beings.

Because this national trend only recently came to Texas and was only recently acted on by the Texas Legislature, I believe that a new legal claim exists that was unavailable to the applicant in his initial application. Therefore, this Court has jurisdiction to review applicant's claim pursuant to Texas Code of Criminal Procedure Article 11.071 § 5(a)(1). The Court should grant the applicant the stay of execution and consider the merits of his claim regarding the constitutionality of the cur-

---

1. Tex.Code Crim. Proc. Art. 11.071 § 5(a).

2. See Tex. Health & Safety Code § 821.052 (2004) (where the legislature limited the methods of euthanasia to sodium pentobarbital or commercially compressed carbon monoxide), *and* Tex. Health & Safety Code § 821.056 (2004) (where the legislature made the disregard of the law under this subchapter a Class B misdemeanor).

3. *Trop v. Dulles*, 356 U.S. 86, 100–101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958).

4. *Penry v. Lynaugh*, 492 U.S. 302, 331, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

5. 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

6. *Id.* at 315, 122 S.Ct. 2242.

7. *See supra* note 2.

rent method of administration of the death penalty in Texas.