IN
THE COURT OF CRIMINAL APPEALS

OF TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. WR-51,264-03




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



EX PARTE DERRICK SEAN O’BRIEN,
Applicant

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 9402971 FROM THE

184TH DISTRICT COURT OF HARRIS COUNTY




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



            Price, J., filed a dissenting statement in which
Holcomb, J., joined.

 

 

DISSENTING STATEMENT

 

            On
May 15, 2006, this Court stayed the applicant’s imminent execution in order to
allow time to consider what he styles a subsequent post-conviction application
for writ of habeas corpus brought pursuant to Article 11.071, Section 5(a) of
the Texas Code of Criminal Procedure.[1]  In his purported subsequent writ
application, the applicant alleges that the particular three drug protocol for
executing capital offenders in Texas violates the Eighth Amendment ban on cruel
and unusual punishments.  It has long
been my position that such a claim satisfies the criteria for a subsequent writ
application under Article 11.071, section 5(a).[2]

            Today
the Court has lifted O’Brien’s stay, and has denied a stay of execution to a
second applicant who has raised a claim identical to O’Brien’s, and who is
scheduled to be executed this evening. 
In her concurring statement, Judge Cochran ultimately concludes that the
applicant has failed to allege facts sufficient to make out a prima facie
case for establishing an Eighth Amendment violation.  But of course, that is not the question
before us.  Under Article 11.071, Section
5(a), the question before us is whether the current claim has not been and
could not have been presented previously in a timely initial post-conviction
writ application because the factual or legal basis for the claim was unavailable
when the previous application was filed. 
The applicant has alleged an Eighth Amendment violation.  Whether the facts he has stated in support of
that claim would, if true, entitle him to relief, is a question in the first
instance for the convicting court to resolve,[3] in the event we decide the criteria of Section 5(a) have been
satisfied.  All we are authorized to
decide at this juncture is whether those facts were previously “unavailable,”
as that term is defined in Article 11.071, Section (5)(e) of the Code of
Criminal Procedure.[4]

            On
the other hand, there may be a legitimate question whether a challenge to the
lethal injection protocol actually constitutes a post-conviction application
for writ of habeas corpus at all, under Article 11.071, since it may not
constitute a challenge to “a judgment imposing a penalty of death.”[5] 
We originally granted the stay in this cause, by my understanding, in
order to allow ourselves sufficient time to decide whether a claim such as the
applicant’s challenge to the lethal injection protocol may even be brought
under Article 11.071, and whether, if a post-conviction challenge under that
specific provision is not appropriate, any other extraordinary remedy may
be available for the applicant to present his challenge.  It has long been the practice of this Court
not to be bound by the denomination of a pleading for extraordinary relief, but
to issue whatever remedy may be appropriate in light of the substance of
the pleading.[6] 

            Nobody
doubts that whether Texas’s three drug protocol violates the Eighth Amendment
is a substantial and troubling question, one that even a casual perusal of
Judge Cochran’s concurring statement demonstrates is presently vexing courts
all over the country.  If there exists a
legitimate vehicle for a condemned inmate to bring that issue before us, even
at the eleventh hour, surely we should address it on the merits.  But it is incumbent upon us first to decide
whether such a vehicle does exist.  That
was the impetus behind our granting the applicant’s stay.

            Today,
instead, the Court rushes to judgment, apparently assuming (at least
judging by Judge Cochran’s concurring statement) that the applicant’s claim is
legitimately before us as a subsequent post-conviction habeas corpus, but
leaping to a premature conclusion with respect to the merits of the Eighth
Amendment issue.  Moreover, in rejecting
the claim on the merits, the Court (again via Judge Cochran) apparently concludes
that the applicant “has failed to produce any facts or scientific evidence” to
support his claim.  It is manifestly
unfair, in my estimation, to fault the applicant for a failure of proof without
first affording him an opportunity to present evidence at a hearing, or through
one of the other mechanisms that the statute allows for presentation of
evidence, once it is determined that facts have been alleged, which, if
true, may entitle the applicant to relief.[7]  It is not clear to me that the lethal
injection protocol we use in Texas to execute capital offenders does not constitute
cruel and unusual punishment.  It is
evident enough from the applicant’s pleadings that it might.  I would not reject the applicant’s claim
(assuming we can reach it) without affording the applicant an evidentiary forum
to substantiate his claim.

            For
all of these reasons, I respectfully dissent to the order of the Court lifting
the applicant’s stay of execution.

 

Filed:    May 17, 2006

Publish











            [1]

             Tex.
Code Crim. Pro. art. 11.071, § 5(a).





            [2]

             See Ex parte Hopkins, 160 S.W.3d 9
(Tex. Crim. App. 2004) (Price, J., dissenting to denial of stay of execution).





            [3]

             See Ex parte Simpson, 136 S.W.3d 660,
at 668-69 (Tex. Crim. App. 2004) (“We are not the convicting court, and we are
not the original factfinders.”)





            [4]

             Tex.
Code Crim. Pro. art. 11.071, § (5)(e).





            [5]

             See Ex parte Kerr, 64 S.W.3d 414, at
418 (Tex. Crim. App. 2002) (quoting Tex.
Code Crim. Pro. art. 11.071, § 1).





            [6]

             See
e.g., Houlihan v. State, 579
S.W.2d 213, at 216 (Tex. Crim. App. 1979) (“Nor . . . does the form in which
the matter is originally presented control the form of writ by which the matter
is disposed.”).





            [7]

             Tex.
Code Crim. Pro. art. 11.071, § 9(a).