IN THE COURT OF
CRIMINAL APPEALS

OF TEXAS

 

                                                                                                                                                   

NO.
WR-36,142-03



 

 

EX PARTE JESUS LEDESMA AGUILAR,
Applicant

 

 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 95-CR-1088 FROM THE

107TH DISTRICT COURT OF CAMERON COUNTY



 

 

Price, J., filed a dissenting statement, in which
Holcomb, J., joined.

 

 

                                                     DISSENTING
STATEMENT

 








For reasons stated in my dissenting
statements in Ex parte O=Brien, [1]
and in Ex parte Hopkins,[2] I dissent to the
failure of the Court to grant a stay of execution to allow time to consider
whether, and if so, how, we should treat the applicant=s Eighth Amendment
challenge to Texas=s lethal injection protocol.

The concurring
statement fails to see Ajurisprudential value in granting a
last-minute stay of execution to consider either the merits of the claim or the
proper procedure for bringing such a claim.@[3]  The reason is
twofold.  First, the concurring statement does not think that a claim that
Texas=s lethal injection
protocol violates the Eighth Amendment because of the risk that it inflicts
cruel and unusual punishment states a viable legal claim, because no other
jurisdiction has yet to find that it does.[4] 
Second, the applicant fails to provide sufficiently reliable scientific proof
that there is, in any event, Aa reasonable risk of unnecessary or wanton
pain in the TDCJ protocol.@[5]  The concurring
statement reaches these conclusions on both the law and the facts without
affording the applicant an evidentiary forum to adequately develop his claim.








A number of
jurisdictions, both state[6]
and federal,[7]
have rejected claims such as the applicant=s, but only after
the parties were given a full and fair opportunity to present their evidence in
a hearing.  Other courts have rejected such claims, as the concurring statement

here and in O=Brien have done, solely
on the pleadings.[8] 
Meanwhile, in federal district courts in both California and Texas, lawsuits
brought under 42 U.S.C. '1983, challenging the lethal injection
protocols of those respective states, are currently pending evidentiary hearings. 
Assuming that we were to decide that the issue is legitimately before us B a question the
concurring statement once again avoids B I would follow
those courts that have recognized the prima facie validity of the claim,
and, rather than to reject it outright, allow the applicant to proceed with his
claim and put him to his proof.  But first, as I said in O=Brien, I would have the
Court decide that threshold issue.  Because the Court does not, I respectfully
dissent.

I would also stay
this applicant=s execution in order to allow him to pursue his Sixth
Amendment claims, predicated on Crawford v. Washington.[9] 
The applicant argues that, because Crawford was decided since his last
subsequent writ application was filed, it constitutes a legal basis for
decision that was Aunavailable@ at the time of
his previous applications.[10] 
I agree, and would permit the applicant to proceed with his Sixth Amendment
claims.








The facts as alleged, briefly, are
these: A child witness at the guilt phase of trial testified that he saw the
applicant and another man, Quiroz, shoot his parents.  The applicant shot his
mother while Quiroz shot his father.  Quiroz later told a police officer he had
only been outside driving the car, and that the applicant had gone into the
house with other, unidentified men.  At the punishment phase of the applicant=s trial, the State elicited some, but
not all, of this out-of-court statement.  As admitted into evidence, Quiroz=s statement did not mention the
applicant at all.  But it did make clear that Quiroz claimed he did not
directly participate in the murder.  This made it appear that the applicant=s complicity in the murders was much
greater than the jury might have gathered from the child witness=s testimony at the guilt phase.  The
applicant now claims that this Court=s Sixth Amendment analysis in his
direct appeal was flawed in light of Crawford, and that, had he been
able to cross-examine Quiroz, it might have made a difference.








On direct appeal, in an unpublished
opinion, this Court held that the applicant=s confrontation rights were not Aimplicated@ because the part of Quiroz=s statement that mentioned the
applicant was redacted.[11]  In support
of this proposition, the Court cited Bruton v. United States.[12] 
Bruton involved the joint trial of co-defendants, where it will
sometimes be the case that evidence relevant to convict one co-defendant may
have no relevance whatsoever to convicting the other.  In that context, the
out-of-court statement of a co-defendant may be admissible as against him, while
at the same time its admission would violate the other co-defendant=s confrontation rights, at least to
the extent that it also inculpated that other co-defendant.  In Bruton,
the Supreme Court held that an instruction to the jury to disregard the
out-of-court statement to the extent that it referred to the other co-defendant
was insufficient to protect that other co-defendant=s Sixth Amendment right to confront
his accusers.

Applying Bruton in the
applicant=s case, we held that Quiroz=s out-of-court statement did not
violate the applicant=s confrontation rights because all references to the
applicant were removed.  This ignores the obvious point, however, that the
out-of-court statement was admitted, not at the guilt phase of trial, but at
the punishment phase, and that the State=s apparent intent in admitting it was
to convince the jury that the applicant=s complicity was actually greater
than it had been led to believe during the guilt phase of trial.  It also
ignores the fact that the applicant and Quiroz were not even tried together in
a joint trial.








Whatever the applicability of Bruton
to the applicant=s direct appeal, since then, and since the applicant=s last post-conviction writ
applictation was filed, Crawford has been decided.  Crawford made
crystal clear that any product of police interrogation is absolutely
inadmissible without unavailability of the declarant and a prior opportunity
to cross-examine.[13]  It did not
split hairs whether the out-of-court declaration directly Aimplicated@ the defendant.  After Crawford,
if the State is allowed to admit any police-generated out-of-court statement,
it had better meet Crawford=s criteria, or else a Sixth Amendment
confrontation violation will occur.

Here, Quiroz was obviously
unavailable because of his Fifth Amendment privilege, but there was no prior
opportunity to cross-examine him.  Thus, under Crawford, there was
clearly Sixth Amendment error.  The rest is just a question of the harmfulness
of the constitutional error.  And the applicant makes a reasonably persuasive
argument why it harmed him.  Thus, the applicant has at least stated sufficient
facts that he ought to be allowed to go forward with his writ application,
under Article 11.071, ' 5(a).

Filed:    May 22, 2006

Do Not Publish









[1]

 2006 Tex. Crim. App. LEXIS 976, No.
WR-51,264-03 (Tex. Crim. App., May 17, 2006) (Price, J., dissenting).





[2]

 160 S.W.3d 9 (Tex. Crim. App. 2004)
(Price, J., dissenting to denial of stay of execution).





[3]

 (Slip op. at 10) 





[4]

 (Slip op. at 2)





[5]

 Id.





[6]

 Abdur=rahman v. Bredesen, 181 S.W.3d 292 (Tenn. 2005); Sims v. State, 754 So.2d 657
(Fla. 2000); State v. Webb, 252 Conn. 128, 750 A.2d 448 (2000).





[7]

 Reid v. Johnson, 333 F.Supp.2d
543 (E.D. Va. 2004).





[8]

 E.g., Bieghler v. State, 839
N.E.2d 691 (Ind. 2005); Cooper v. Rimmer, 358 F.3d 659 (9th
Cir. 2004).





[9]

 541 U.S. 36, 124 S.Ct. 1354, 158
L.Ed.2d 177 (2004).





[10]

 Tex.
Code Crim. Pro. art. 11.071, '' 5(a) & (d).





[11]

 See Aguilar v. State, No. 72,470
(Tex. Crim. App., decided October 29, 1997) (Slip op. at 20).





[12]

 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d
476 (1968).





[13]

 541 U.S. at 59, 124 S.Ct. at 1369.