NOS. 07-07-0368-CR, 07-07-0369-CR, 07-07-0370-CR and 07-07-0371-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2007


 ______________________________



KRYSTLE DANIELLE IVORY, APPELLANT


 

V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 53239-E, 53240-E, 53241-E and 53765-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Krystle Danielle Ivory, acting pro se, appeals from the trial court's
judgment in four companion cases. Finding appellant's notices of appeal are untimely, we
dismiss the appeals for want of jurisdiction.

 On August 8, 2006, appellant pled guilty in four separate cases arising from the
same incident. In three cases, appellant pled guilty to aggravated robbery and received
a twenty-year sentence in each. In the fourth case, appellant pled guilty to the offense of
robbery and was sentenced to fifteen years in the Institutional Division of the Texas
Department of Criminal Justice. On the same day, the trial court certified that in each
case, appellant had no right of appeal and that appellant had waived the right of appeal. 
Tex. R. App. P. 25.2. Appellant filed her notices of appeal in the trial court on April 26,
2007.

 By letter dated October 1, 2007, this Court notified appellant that her notices of
appeal appeared late, and advised her that the Court would determine its jurisdiction after
October 22, 2007. By the same letter, this Court advised appellant that her appeals were
subject to dismissal unless the Court received amended certifications under Rule of
Appellate Procedure 25.2 providing that appellant has the right of appeal, or she
demonstrated other grounds for continuing the appeals, on or before October 22, 2007. 
Appellant has corresponded with the Court, but her correspondence does not provide
information permitting us to conclude we have jurisdiction over the appeals. 

 In a criminal case, the Texas Rules of Appellate Procedure require that notice of
appeal be filed within 30 days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order; or within 90 days after the
day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial. Tex. R. App. P. 26.2. As noted, appellant's notices of appeal from the
judgments and sentences imposed in August 2006 were filed in April 2007. (1)

 Only a timely notice of appeal invokes the jurisdiction of the court of appeals. State
v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); Slaton v. State, 981 S.W.2d 208,
209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, a court of appeals does
not have jurisdiction to address the merits of the appeal, and can take no action other than
to dismiss the appeal. Olivio v. State, 918 S.W.2d 519 (Tex.Crim.App. 1999); Slaton, 981
S.W.2d at 210; Stumpf v. State, 2001 WL 1566655 (Tex.App.-Amarillo 2001, no pet.) (not
designated for publication).

 Further, the rules we must follow require us to dismiss an appeal in a criminal case
in the absence of certification showing the appellant has the right of appeal. Tex. R. App.
P. 25.2(d).

 Because appellant did not file a timely notice of appeal, we lack jurisdiction to
consider her appeals. Accordingly, they are dismissed for want of jurisdiction.


 James T. Campbell

 Justice





Do not publish.


 
1. Correspondence provided by appellant makes reference to an out-of-time appeal. 
Permission for such a late appeal must be granted by the Court of Criminal Appeals. Tex.
Code Crim. Proc. art. 11.07 (Vernon 2007). 



21; The trial court
did not rule on the motion. Appellant asks this Court to decide “the novel issue of whether
a timely-filed pro se motion for shock probation must be ruled on by the trial court.” 
          Article 42.12, § 6 of the Texas Code of Criminal Procedure provides that the trial
court’s jurisdiction in a felony case shall continue for 180 days from the date the execution
of the sentence actually begins for the purpose of suspending further execution of a
sentence. See Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon 2006). This provision,
commonly referred to as “shock probation,” allows the trial court to suspend further
imposition of sentence after the convicted party has experienced the “shock” of actual
incarceration. Subparagraph (c) of this section provides that a judge may deny the motion
without a hearing but may not grant the motion without holding a hearing. 
          Appellant references this Court to Rules 21.8(c)(pertaining to motions for new trial)
and 22.4(b)(pertaining to motions in arrest of judgment) of the Texas Rules of Appellate
Procedure for guidance. Those rules provide that certain post-judgment motions are
“deemed denied” if not timely ruled upon. There is no similar “deemed denied” provision
pertaining to article 42.12, § 6.
          Appellant contends he is entitled to due process because he followed the
requirements of article 42.12, § 6 and he is otherwise eligible for shock probation. 
According to Appellant, because the Legislature failed to include a “deemed denied”
provision in article 42.12, § 6, the trial court continues to have the authority to rule upon
such motions. Therefore, Appellant asks this Court to remand the cause to the trial court
so that the motion for shock probation may be considered and ruled on. 
          Initially, we address the jurisdictional conundrum. First, there is no order entered
pursuant to article 42.12, § 6 from which to appeal. Second, even assuming an order was
entered, an appellate court does not have jurisdiction to entertain an appeal from an order
entered pursuant to article 42.12, § 6. See Basaldua v. State, 558 S.W.2d 2, 5
(Tex.Crim.App. 1977). See also Houlihan v. State, 579 S.W.2d 213, 216 (Tex.Crim.App.
1979). Finally, notwithstanding the fact that Appellant filed his motion on the 180th day
from the date the execution of his sentence began,


 on the 181st day, the trial court lost
jurisdiction to act on the motion. Neugebauer v. State, 266 S.W.3d 137 (Tex.App.--Amarillo 2008, no pet.). The statute can have no other construction than that jurisdiction
to act ceased when the 180-day period expired. Houlihan, 579 S.W.2d at 219. Thus, even
if we were to remand the cause to the trial court, the trial court would have no authority to 
consider or rule on Appellant’s motion for shock probation.
          Therefore, we conclude that Appellant’s constitutional due process rights were not
violated by the trial court’s failure to consider and rule on his motion for shock probation
and we overrule Appellant’s sole issue.
          Consequently, these appeals are dismissed.
                                                                           Patrick A. Pirtle

                                                                                 Justice



 



Do not publish.