NO. 07-07-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 27, 2008

______________________________


SHELBY MARK NEUGEBAUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 9286-A; HONORABLE HAL MINER, JUDGE

_______________________________
 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
OPINION
          Appellant, Shelby Mark Neugebauer, seeks to have this Court reform the judgment
of the trial court to reflect credit for time served and to delete portions of the judgment
limiting his right to appeal “punishment issues” only. For the reasons expressed herein,
we vacate the trial court’s Judgment Revoking Probation, as well as its Order Suspending
Imposition of Sentence and Placing Defendant on Community Supervision, and remand
this cause to the trial court with instructions to enter an order which will notify the
Institutional Division of the Texas Department of Criminal Justice that the judgment upon
which Appellant is currently being held is the original judgment entered in this cause. 
Background
          On May 14, 1997, Appellant was convicted of intoxication manslaughter and
punishment was assessed by a jury at eight years confinement and a $10,000 fine. 
Appellant was immediately taken into custody. Appellant remained confined in the Randall
County Jail until he was transferred to the Institutional Division of the Texas Department
of Criminal Justice, where he remained incarcerated until he was released on bond
pending appeal pursuant to article 44.04 of the Texas Code of Criminal Procedure.


 
Appellant’s conviction was affirmed by this Court on June 16, 1998, in Cause Number 07-97-0213-CR. The mandate of this Court issued on December 30, 1998. An alias capias
was issued and Appellant was reincarcerated on February 17, 1999. On April 26, 1999,
Appellant filed a motion with the trial court seeking to suspend further imposition of his
sentence pursuant to the procedure commonly referred to as “shock probation.” On June
1, 1999, the trial court


 heard Appellant’s motion and ordered that his sentence, but not the
fine, be suspended in favor of community supervision for ten years. In 2007, the State filed
a motion to revoke Appellant’s community supervision alleging three violations of the
condition that he abstain from alcohol consumption and one violation of the requirement
that he pay a supervision fee. On April 24, 2007, Appellant entered a plea of not true to
the allegations. Following presentation of testimony and evidence, the trial court revoked
Appellant’s community supervision, reformed his sentence to seven and one-half years
confinement, with no fine, and remanded him to the custody of the Sheriff for transfer to
the Institutional Division of the Texas Department of Criminal Justice, where he remains
today. 
          Appellant’s original attorney on appeal filed an Anders


 brief in support of a motion
to withdraw. Having concluded that an arguable ground for appeal existed, this Court
abated this appeal and remanded the case to the trial court for the appointment of new
counsel. See Neugebauer v. State, No. 07-07-0214-CR, 2008 WL 878425, at *1
(Tex.App.–Amarillo April 2, 2008, no pet.). Appellant’s new appellate counsel also filed an
Anders brief in support of a motion to withdraw. Remaining concerned that an arguable
ground for appeal existed, this Court concluded that a potential issue concerning the
jurisdiction of the trial court at the time it entered the order placing Appellant on community
supervision warranted briefing by counsel. We again abated this appeal and remanded
the case to the trial court for the appointment of new counsel. See Neugebauer v. State, 
No. 07-07-0214-CR, 2008 WL 221803, at *2 (Tex.App.–Amarillo May 29, 2008, no pet.).
Appellant’s third appellate counsel filed the brief now before this Court raising two issues
and addressing the potential issue concerning the jurisdiction of the trial court at the time
it entered the order placing Appellant on community supervision. Appellant opines the trial
court had jurisdiction when it placed him on “shock probation,” more than two years after
the execution of sentence had actually begun, because his incarceration had been
interrupted by reason of his release on bond pending final determination of his original
appeal. The State filed its brief wherein it agreed with Appellant’s position.
Jurisdiction to Grant Shock Probation
          Where, as here, the record itself raises a question as to the trial court’s subject-matter jurisdiction, we must address that issue, sua sponte, before proceeding to any other
issue. State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other
grounds, State v. Medrano, 67 S.W.3d 892, 903 (Tex.Crim.App. 2002) (threshold issue of
jurisdiction must be disposed of before addressing substantive issues because subject-matter jurisdiction cannot be conferred by agreement of the parties, but must be vested in
a court by constitution or statute). Where there is no jurisdiction, the power of the court to
act is “as absent as if it did not exist”; Garcia v. Dial, 596 S.W.2d 524, 527 (Tex.Crim.App.
1980) (quoting Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex.Crim.App. 1964)), and any
order or judgment entered by a court lacking jurisdiction is void. Nix v. State, 65 S.W.3d
664, 668 (Tex.Crim.App. 2001); Gallagher v. State, 690 S.W.2d 587, 588-99 n.1
(Tex.Crim.App. 1985).
          For purposes of suspending further imposition of sentence and placing the
defendant on shock probation, the jurisdiction of the trial court continues for “180 days from
the date the execution of the sentence actually begins.” Tex. Code Crim. Proc. Ann. art.
42.12, § 6(a) (Vernon 2006) (emphasis added).


 Execution of sentence begins upon the
defendant’s incarceration. Bailey v. State, 160 S.W.3d 11, 14 n.2 (Tex.Crim.App. 2004). 
A trial court order granting shock probation after it has lost jurisdiction is void. Ex Parte
Busby, 67 S.W.3d 171, 173 (Tex.Crim.App. 2001), overruled on other grounds, Ex Parte
Hale, 117 S.W.3d 866 (Tex.Crim.App. 2003). A void judgment is a “nullity” and can be
attacked at any time. Ex Parte Patterson, 969 S.W.2d 16, 19 (Tex.Crim.App. 1998). If the
original judgment imposing community supervision is void, then the trial court has no
authority to revoke that community supervision, since, with no judgment imposing
community supervision, there is nothing to revoke. Nix, 65 S.W.3d at 668.
          Appellant was originally incarcerated on May 14, 1997; therefore, execution of
Appellant’s sentence began on May 14, 1997. The trial court’s June 1, 1999 Order
Suspending Imposition of Sentence and Placing Defendant on Community Supervision,
which purports to grant Appellant shock probation more than two years after execution of
Appellant’s sentence actually began, was done at a time when the trial court was without
jurisdiction to enter that order and is therefore, on its face, void. See State v. McDonald,
642 S.W.2d 492, 493 (Tex.Crim.App. 1982); State v. Hatten, 508 S.W.2d 625, 628
(Tex.Crim.App. 1974).
Suspension of Execution of Sentence
          Appellant and the State both contend the trial court did have jurisdiction to grant
Appellant shock probation because Appellant was not incarcerated for more than 180 days
prior to the suspension of sentence, Appellant having been released on bond pending the
disposition of his original appeal. While we agree that “execution of the sentence” imposed
by the trial court was suspended by reason of Appellant’s release on bond pending final
determination of the merits of his original appeal, Houlihan v. State, 579 S.W.2d 213, 217
(Tex.Crim.App. 1979), § 6 of article 42.12 says nothing about suspension of the execution
of sentence. The statutory language of § 6 is clear and unambiguous: “the jurisdiction of
a court . . . shall continue for 180 days from the date the execution of sentence actually
begins.” When read literally, we have no valid reason to interpret it any way other than as
continuing the jurisdiction of the court for a period of time commencing “the date the
execution of sentence actually begins.” 
          The State suggests that Houlihan stands for the proposition that the 180 day time
period contemplated by § 6 continued to run until Appellant’s notice of appeal was filed
and/or his appeal bond was approved, and then recommenced when he was incarcerated
following the conclusion of his original appeal. We disagree. Houlihan is factually
distinguishable in a significant way. In Houlihan, the appellant was originally placed on five
years community supervision. After his community supervision was revoked, Houlihan
gave notice of appeal and he did not begin the actual service of his sentence until after 
his revocation was affirmed. The Court of Criminal Appeals concluded the trial court had
jurisdiction to grant him shock probation because the single, uninterrupted period between
the date the execution of sentence actually began and the date the trial court was asked
to rule on the appellant’s motion for suspension of the imposition of sentence, did not
exceed the applicable statutory period of time.


 
Issues Pretermitted
          Finally, having determined that the order revoking community supervision is void,
we pretermit consideration of Appellant’s issues pertaining to reformation of that order.
While we are mindful of those contentions, our disposition of the jurisdictional issue
eliminates the necessity that we consider those issues.


 
 
 
Conclusion
          Having concluded the trial court lacked jurisdiction to place Appellant on community
supervision when it did, we vacate the trial court’s Order Suspending Imposition of
Sentence and Placing Defendant on Community Supervision. Furthermore, we vacate the
trial court’s Judgment Revoking Probation and remand this case to the trial court with
instructions to enter an order advising the Institutional Division of the Texas Department
of Criminal Justice that the judgment upon which Appellant is currently being held is the
original judgment entered in this cause. 
 
                                                                           Patrick A. Pirtle

                                                                                 Justice

 

Publish.






="1026"/>







NO. 07-10-0358-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JUNE 3, 2011

 

______________________________

 

 

CHARLES MARTIN BRYANT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Charles Martin Bryant, an inmate proceeding pro
se and in forma pauperis, appeals
from the trial court's Order Denying
Motion to Reverse and Rescind Order to Pay Court Cost, Fees, and/or Fines
entered on January 28, 2011.[1]  By two issues, Appellant maintains (1) the
trial court was without plenary power and (2) the trial court's action denied
him due process.  We affirm.

Procedural Background

            On
August 1, 2003, Appellant was convicted of two counts of indecency with a child[2]
and sentenced to ten and twenty years confinement,
respectively for each count.  A $2,000
fine was also assessed.  No appeal was filed.  More than six years later, on April 26, 2010,
without notice or hearing, the trial court signed and entered a document entitled
Order to Withdraw Inmate Funds (Pursuant
to TX. Gov't Code, Sec. 501.014(e)).[3] 
By this withdrawal notification, the trial court directed the Texas
Department of Criminal Justice to withhold from Appellant's inmate account the
sum of $2,533 for court costs, fines and fees. 
While the withdrawal notification provides that "court costs, fines
and fees have been incurred as represented in the certified Bill of Cost[s]/Judgment
attached hereto," the Certified Bill of Costs contained in the clerk's
record was not generated until more than four months later on September 13,
2010.  Furthermore, while the original
judgment of conviction recites "the State of Texas do have and recover of
said Defendant all court costs in this prosecution expended for which execution
will issue," those costs were neither orally pronounced at sentencing nor
specified in the written judgment.

            On July 6, 2010,
Appellant filed a Motion to Reverse and
Rescind Order to Pay Court Costs, Fees,
and/or Fines in the trial court. 
On September 10, 2010, prior to a ruling being issued on that motion, Appellant
filed a pro se notice of appeal challenging
the trial court's withdrawal notification. 
By order dated October 5, 2010, this Court found Appellant's notice of
appeal to be premature because no final, appealable order had been
entered.  See Bryant v. State, No. 07-10-00358-CV, 2010 Tex. App. LEXIS
8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.).  The appeal was abated to allow Appellant the
opportunity to obtain an appealable order.

            Then,
by order dated January 28, 2011, the trial court denied Appellant's pending
motion, resulting in an appealable order. 
See Williams v.
State, 332 S.W.3d 694, 698 (Tex.App.--Amarillo 2011, pet. denied).  See also Ramirez v. State, 318 S.W.3d 906, 908 (Tex.App.--Waco
2010, no pet.) (holding that "[o]nly when
[the withdrawal notification is] properly challenged and denied relief is there
a trial court order that is final from which the inmate . . . can appeal");
Jewell v. State, No. 06-10-00114-CV,
2011 Tex. App. LEXIS 3256, at *1 (Tex.App.--Texarkana April 28, 2011, no pet. h.).

Standard of Review

We review a trial court's decision
whether to grant or deny a challenge to a withdrawal notification under an
abuse of discretion standard.  Williams, 332 S.W.3d
at 698.  A trial court abuses its discretion
when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31
(Tex. 2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its
discretion if "it reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of
law."  Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985).

Analysis

Issue One - Plenary Jurisdiction

            By his
first issue, Appellant challenges the trial court's plenary power to order
withdrawals from his inmate account pursuant to section 501.014(e).  Appellant reasons that because his criminal conviction
was rendered in 2003, the trial court lacks jurisdictional authority to modify his
judgment of conviction.  Appellant,
however, confuses the trial court's plenary jurisdiction to modify the judgments
rendered in his criminal cases with the court's original jurisdiction to render
a decision in a newly initiated civil proceeding.  In Harrell
v. State, the Texas Supreme Court held that proceedings under section
501.014(e) are civil proceedings, not part of the underlying criminal case.  Harrell
v. State, 286 S.W.3d 315, 316 (Tex. 2009). 
This Court has analogized the filing of a withdrawal notification to the
filing of a civil proceeding for the forfeiture of a bond in a criminal
case.  See Williams, 332 S.W.3d at 696.  In a bond forfeiture proceeding, a trial
court acquires jurisdiction to adjudicate the matter of enforcing the
principal's bond obligation to the state by the filing of a judgment nisi.  Burgemeister
v. Anderson, 113 Tex. 495, 259
S.W. 1078 (1924).  Similarly, we find
that a trial court acquires original jurisdiction to adjudicate disputes
concerning the withdrawal of funds from an inmate account by the filing of a
withdrawal notification.  Furthermore,
Appellant invoked the jurisdiction of the trial court by the filing of his motion.  Because the trial court had
original subject matter jurisdiction to resolve Appellant's motion, his first
issue is overruled.

Issue Two - Due Process

            By
his second issue, Appellant questions whether he received due process.  In Harrell,
the Texas Supreme Court held that a withdrawal notification directing prison
officials to withdraw money from an inmate account pursuant to section
501.014(e) does not violate due process and is, therefore, constitutional when
the inmate has "received some measure of due process."  286 S.W.3d at 320.  In determining whether Harrell was accorded
constitutional due process, the Court concluded that because Harrell had
received notice of the withdrawal (a copy of the withdrawal notification) and
an opportunity to contest the dollar amount and statutory basis of the
withdrawal (a motion to rescind or modify the withdrawal notification),[4] he
received everything that due process requires. 
Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process is satisfied when an inmate has been given the opportunity to
contest the dollar amount and statutory basis of a section 501.014(e) withdrawal
by way of a motion to modify, correct or rescind the withdrawal
notification.  See Bryant, 2010 Tex. App. LEXIS 8059, at *4-5; Williams v. State, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.).  

            The
withdrawal notification at issue instructed the Texas Department of Criminal
Justice to withdraw the sum of $2,533 from Appellant's inmate account.  Of this sum, $2,000 was for the fine assessed
as a part of Appellant's punishment and $533 was for court fees and costs.  Appellant has not challenged the statutory
basis of those fees and costs and we find that they are legislatively
mandated.  No assessment was made for
court-appointed attorney's fees.  Because legislatively mandated court fees and
costs are not punitive in nature, they do not need to be included in the
oral pronouncement of sentence or in the written judgment in order to be
imposed upon a convicted defendant.  See Weir v. State, 278
S.W.3d 364, 367 (Tex.Crim.App. 2009). 
Furthermore, fines and
legislatively mandated fees and costs are properly collectable by means
of a withdrawal notification regardless of a defendant's ability to pay.  See
Williams, 332 S.W.3d at 700.  

            Because Appellant was been afforded the opportunity to contest the dollar
amount and statutory basis of the section 501.014(e) withdrawal notification at
issue, we find that he has been accorded adequate due process.  Accordingly, we overrule his second issue.

Conclusion

The trial court's Order Denying Motion to Reverse and Rescind
Order to Pay Court Cost, Fees, and/or Fines is affirmed.

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice 

 











[1]Although
this order is dated January 29, 2010, because the genesis of this controversy
was the entry of a document entitled Order to Withdraw Inmate Funds (Pursuant to
TX. Gov't Code, Sec. 501.014(e), entered on April 26, 2010, we find
that the order the subject of this appeal was actually entered on January 28,
2011.  That finding is also consistent
with the court clerk's filing stamp.





[2]Appellant
was convicted in Count I of indecency by exposure and in Count II of indecency
by contact.  Tex. Penal Code Ann. §§
21.11(a)(2)(A) and 21.11(a)(1) (West Supp. 2010).

 





[3]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The statute referenced
by that document, section 501.014(e) of the Texas Government Code, describes
the process as a "notification by a court" directing prison officials
to withdraw sums from an inmate's account, in accordance with a schedule of
priorities set by the statute, for the payment of "any amount the inmate
is ordered to pay by order of the court." 
See Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010).  See also Harrell v. State, 286 S.W.3d
315, 316 n.1 (Tex. 2009).  Therefore, rather than refer to that document
as an order, we prefer to use the
statutory term "withdrawal notification" in order to avoid confusion
with the underlying court order that actually is the subject of this
appeal.  For convenience, sections of the
Texas Government Code will subsequently be cited as "section __" or
"Section __".

 





[4]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2009).