NO. 07-08-0040-CR
NO. 07-08-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 14, 2009

_____

JOSHUA MCCABE SUTTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,347-A & 55,348-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to open pleas of guilty, Appellant, Joshua McCabe Sutton, was convicted of manufacture or delivery of a controlled substance, a second degree felony. Punishment was assessed at eight years confinement. By a sole issue, Appellant maintains his

constitutionally guaranteed due process rights were violated by the trial court's failure to consider and rule on his *pro se* motion for shock probation. We dismiss.

Appellant's sentence was imposed on December 20, 2007. On June 17, 2008, Appellant filed a *pro se* "Motion for Probation After Execution of Sentence." The trial court did not rule on the motion. Appellant asks this Court to decide "the novel issue of whether a timely-filed *pro se* motion for shock probation must be ruled on by the trial court."

Article 42.12, § 6 of the Texas Code of Criminal Procedure provides that the trial court's jurisdiction in a felony case shall continue for 180 days from the date the execution of the sentence actually begins for the purpose of suspending further execution of a sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon 2006). This provision, commonly referred to as "shock probation," allows the trial court to suspend further imposition of sentence after the convicted party has experienced the "shock" of actual incarceration. Subparagraph (c) of this section provides that a judge may deny the motion without a hearing but may not grant the motion without holding a hearing.

Appellant references this Court to Rules 21.8(c)(pertaining to motions for new trial) and 22.4(b)(pertaining to motions in arrest of judgment) of the Texas Rules of Appellate Procedure for guidance. Those rules provide that certain post-judgment motions are "deemed denied" if not timely ruled upon. There is no similar "deemed denied" provision pertaining to article 42.12, § 6.

Appellant contends he is entitled to due process because he followed the requirements of article 42.12, § 6 and he is otherwise eligible for shock probation. According to Appellant, because the Legislature failed to include a "deemed denied" provision in article 42.12, § 6, the trial court continues to have the authority to rule upon such motions. Therefore, Appellant asks this Court to remand the cause to the trial court so that the motion for shock probation may be considered and ruled on.

Initially, we address the jurisdictional conundrum. First, there is no order entered pursuant to article 42.12, § 6 from which to appeal. Second, even assuming an order was entered, an appellate court does not have jurisdiction to entertain an appeal from an order entered pursuant to article 42.12, § 6. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App. 1977). *See also Houlihan v. State*, 579 S.W.2d 213, 216 (Tex.Crim.App. 1979). Finally, notwithstanding the fact that Appellant filed his motion on the 180th day from the date the execution of his sentence began,[1] on the 181st day, the trial court lost jurisdiction to act on the motion. *Neugebauer v. State,* 266 S.W.3d 137 (Tex.App.-- Amarillo 2008, no pet.). The statute can have no other construction than that jurisdiction to act ceased when the 180-day period expired. *Houlihan*, 579 S.W.2d at 219. Thus, even if we were to remand the cause to the trial court, the trial court would have no authority to consider or rule on Appellant's motion for shock probation.

---

[1]Execution of sentence begins upon the defendant's incarceration following imposition of sentence. *Bailey v. State*, 160 S.W.3d 11, 14 n.2 (Tex.Crim.App. 2004).

3

Therefore, we conclude that Appellant's constitutional due process rights were not violated by the trial court's failure to consider and rule on his motion for shock probation and we overrule Appellant's sole issue.

Consequently, these appeals are dismissed.

Patrick A. Pirtle
Justice

Do not publish.