

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-290-CR

GARY HARRINGTON                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On August 28, 2009, Appellant Gary Harrington filed a notice of appeal, attempting to appeal the trial court's alleged denial of his "Motion For Probation Following Execution Of Sentence." *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (Vernon 2006).[2]  On October 19, 2009, we sent Harrington a letter

---

[1]... *See* Tex. R. App. P. 47.4.

[2]... We requested that the trial court forward to us a copy of the order Harrington claimed to be appealing.  In response, the trial court informed us that no such order existed because the trial court lost jurisdiction to grant shock probation 180 days after the date of Harrington's conviction date and that Harrington did not seek a hearing on his motion for shock probation until after the trial court's jurisdiction had expired.  *Id.*  In any event, as set forth below, no appeal lies from the denial or implied denial of a motion for shock probation.

notifying him of our concern that we lacked jurisdiction over his appeal because no Texas statute authorizes a direct appeal from the denial or the implied denial of a motion for shock probation. We stated in the letter that unless Harrington or any party desiring to continue the appeal filed with this court, on or before October 29, 2009, a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. We received no response.

"The right to appeal is conferred by the Legislature, and a party may appeal only that which the Legislature has authorized." *Dodson v. State*, 988 S.W.2d 833, 834 (Tex. App.—San Antonio 1999, no pet.). Article 42.12, section 6 does not provide statutory authority for appealing an order denying shock probation. *See Houlihan v. State*, 579 S.W.2d 213, 216 (Tex. Crim. App. 1979); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Dodson*, 988 S.W.2d at 834.

Because there is no statutory authority for appealing an order denying shock probation, we lack jurisdiction over Harrington's appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 10, 2009

2