**Dismissed and Memorandum Opinion filed December 28, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01072-CR

**GERMAINE DESHAUN LAKE-CRUNK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1324044**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to aggravated assault with a deadly weapon, causing serious bodily injury. On November 14, 2011, pursuant to the terms of a plea bargain agreement with the state, the trial court sentenced appellant to confinement for eight years in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified that appellant had no right to appeal his conviction. *See* Tex. R. App. P. 25.2(a)(2). We find no record of an appeal from the final judgment of conviction.

On July 25, 2012, appellant filed a motion in the trial court asking the court to place him on community supervision. The trial court denied appellant's motion on July 31, 2012, with a notation that probation is not available to appellant. *See* Tex. Code Crim. Proc. art. 42.12 §§ 3(g), 6; *see also State v. Posey*, 330 S.W.3d 311, 313-14 (Tex. Crim. App. 2011) (confirming that deadly weapon finding renders defendant ineligible for shock probation). On November 15, 2012, appellant filed a *pro se* notice of appeal from the trial court's ruling.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only from a final judgment of conviction. *Workman v. State*, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). There are some limited exceptions, not applicable here, permitting an interlocutory order to be appealed. *See, e.g., Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997) (recognizing that certain orders while a defendant is on deferred adjudication community supervision may be appealed); *McKown*, 915 S.W.2d at 161 (stating that an interlocutory appeal from the denial of a motion to reduce bond is permitted). In addition, an order denying habeas corpus relief may be appealed to an intermediate appellate court in some circumstances. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

In Texas, appeals in criminal cases are permitted only when they are specifically authorized. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). The denial of a motion for shock probation is not an appealable order. *See Houlihan v. State*, 579 S.W.2d 213, 215–16 (Tex. Crim. App. 1979); *Dodson v. State*, 988 S.W.2d 833, 834 (Tex. App.—San Antonio 1999, no pet.) (holding that appellate court lacked jurisdiction to hear an appeal from the denial of a motion for shock probation).

Moreover, appellant's notice of appeal was filed more than ninety days after the trial court's ruling, and it is untimely. A defendant's notice of appeal must be filed within thirty days after an appealable order has been signed when a motion for new trial has not extended the deadline. *See* Tex. R. App. P. 26.2(a)(1). Appellant asserts in his notice of appeal that he was not provided timely notice of the trial court's ruling, and the fault for the late-filed notice of appeal lies with the prison mail unit. An intermediate appellate court has no authority to grant relief when the notice of appeal is late.[1] A notice of appeal complying with the requirements of the Texas Rules of Appellate Procedures is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.*

We lack jurisdiction over appellant's attempted appeal from the trial court's denial of appellant's motion for community supervision. Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] We note that appellant dated his notice of appeal November 8, 2012, and it was file-stamped by the Harris County District Clerk on November 15, 2012. Thus, we are not presented with a claim that appellant timely submitted the notice of appeal to the prison mail unit and its mailing was then delayed. *See Campbell v. State,* 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (citing *Houston v. Lack,* 487 U.S.266, 275, 208 S.Ct. 2379 (1988), and stating that prisoner-mailbox rule provides that a *pro se* prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court).