In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00192-CR
NO. 09-15-00193-CR

_____

IN RE THE STATE OF TEXAS

Original Proceeding
253rd District Court of Liberty County, Texas
Trial Cause Nos. CR31353 and CR31427

MEMORANDUM OPINION

In two related proceedings,[1] the State of Texas requests that we grant

mandamus relief and order the judge of the 253rd District Court of Liberty County

to set aside a pre-trial discovery order that requires the State to produce a copy of a

recording made by a confidential informant and a transcript of that recording to

defense counsel for Cedrick Jerome Bass. In Cause Number CR31427, Bass is

charged with possession of a controlled substance, cocaine, in an amount of 400

---

[1] The proceedings commenced as appeals but we are treating them as
mandamus proceedings at the State's request in response to Bass's motion to
dismiss the appeals for lack of appellate jurisdiction. *See Houlihan v. State*, 579
S.W.2d 213, 216-17 (Tex. Crim. App. 1979).

1

grams or more. In Cause Number CR31353, Bass is charged with possession of a usable quantity of marijuana weighing 50 pounds or less but more than five pounds. Bass filed a pre-trial motion to compel the State to produce a recording of a drug transaction of a confidential informant (CI). The drug transaction by the CI is referenced in the probable cause affidavit which was used for the issuance of the warrant to search Bass's premises. The contraband referred to in the indictments was seized incident to the search of the premises.

The State contends that the recording in question is protected by the Identity of Informer privilege set forth in Texas Rule of Evidence 508(a), and that the State does not have an adequate remedy at law. Bass concedes the trial court was performing a ministerial, non-discretionary act when it ordered the State to produce the recording to defense counsel. Bass contends the production is required by article 39.14 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2014). He suggests the mandatory provisions of article 39.14 require the court to order the State to produce the recording to the defense so that defense counsel may determine whether it contains exculpatory evidence.

Article 39. 14 provides in part, as follows:

> (a) Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable

after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible *things not otherwise privileged* that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

*Id.* (emphasis added). Article 39.14 requires production of things that are "not otherwise privileged[;]" therefore, the trial court must determine whether an asserted privilege applies before it may compel the State to produce a recording to the defense. *See id.*

As a general rule, the State "has a privilege to refuse to disclose a person's identity if . . . the person has furnished information to a law enforcement officer . . . in an investigation of a possible violation of law[] and . . . the information relates to or assists in the investigation." *See* Tex. R. Evid. 508(a). Nevertheless, there are exceptions to the privilege outlined in Rule 508, including

3

voluntary disclosure by a privilege holder or the informer's own action, when the informer appears as a witness for the State, and in a criminal case, if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence. *Id.* 508(c). If it appears that an informer may be able to give the type of testimony required to invoke this exception and the State claims the privilege, the court must give the State an opportunity to show *in camera* facts relevant to determining whether this exception is met. *Id.* 508(c)(2)(C). The court may order the State to disclose an informer's identity if information from the informer is relied on to establish the legality of the means by which evidence was obtained and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible. *Id.* 508(c)(3)(A). On the State's request, the court must order the disclosure be made *in camera*. *Id.* 508(c)(3)(B)(i). No counsel or parties may attend the *in camera* disclosure. *Id.* 508(c)(3)(B)(ii).

The State invoked the informer's identity privilege during the hearing on Bass's motion to compel production. Bass has not yet filed a *Franks*[2] motion in the

---

[2] *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) ("where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the

4

trial court and he asserts to this Court that he is not seeking the informant's identity. The undisputed record demonstrates that as to the recording of the transaction by the confidential informant the State invoked a Rule 508 privilege and Bass neither presented an exception to the privilege nor invoked the procedure for determining whether an exception to the privilege applies. *See* Tex. R. Evid. 508(c).[3]

Bass argues that article 39.14 of the Texas Code of Criminal Procedure requires that the State produce "recorded statements of the defendant" notwithstanding the privilege set forth in Texas Rule of Evidence 508. *Compare* Tex. Code Crim. Proc. Ann. art. 39.14(a), *with* Tex. R. Evid. 508. We disagree. Article 39.14 requires the State to produce discovery "not otherwise privileged[.]" Tex. Code Crim. Proc. Ann. art. 39.14(a). If a privilege applies, article 39.14(a) does not apply and discovery will only be required if the recording is exculpatory. *See id.* art. 39.14(h); *see also Ex parte Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012) (evidentiary privileges do not extend to exculpatory material). Bass

---

defendant's request"). The defendant bears the burden by a preponderance of the evidence at a *Franks* hearing. *Id.*

[3] Although the procedure for resolving a claim of privilege under Rule 508 was not invoked here, an *in camera* showing under Rule 508 would provide an opportunity for the trial court to determine whether information withholding or redaction is justified under the discovery statute. *See* Tex. Code Crim. Proc. Ann. art. 39.14(c); *see also* Tex. R. Evid. 508(c)(2)(C), (3)(B).

further suggests that the recording is exculpatory if it contradicts the officer's search warrant affidavit. Bass made no attempt to establish the exculpatory nature of the recording in the hearing before the trial court, and absent a proffer and examination of the recording *in camera* by the trial court the record before us does not support a finding that the recording contains exculpatory evidence.

An appeal from a final judgment will not protect relator from having to produce discovery that is otherwise privileged. *See Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Texas*, 727 S.W.2d 542, 548-50 (Tex. Crim. App. 1987) (orig. proceeding) ("an appeal may become an inadequate remedy from pretrial discovery orders if a relator could not receive relief on appeal"); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex. App.—Dallas 1987, orig. proceeding). We conclude that issuance of the discovery order was an abuse of the trial court's discretion for which the State lacks an adequate remedy by appeal. Because the trial court ordered the State to produce the recording after the State invoked the Rule 508 privilege and before the defendant established any exception, and without first examining the recording *in camera* and determining whether an exception to the privilege applies, we conditionally grant mandamus relief.

Accordingly, we conditionally grant the State's petitions for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the trial court

6

fails to vacate, in accordance with this opinion, its May 7, 2015 order to produce discovery.

PETITIONS CONDITIONALLY GRANTED.

PER CURIAM

Submitted on October 27, 2015
Opinion Delivered November 25, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.