NO. 07-07-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 27, 2008

_____


SHELBY MARK NEUGEBAUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 9286-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Shelby Mark Neugebauer, seeks to have this Court reform the judgment of the trial court to reflect credit for time served and to delete portions of the judgment limiting his right to appeal "punishment issues" only. For the reasons expressed herein, we vacate the trial court's *Judgment Revoking Probation*, as well as its *Order Suspending*

*Imposition of Sentence and Placing Defendant on Community Supervision*, and remand this cause to the trial court with instructions to enter an order which will notify the Institutional Division of the Texas Department of Criminal Justice that the judgment upon which Appellant is currently being held is the original judgment entered in this cause.

## Background

On May 14, 1997, Appellant was convicted of intoxication manslaughter and punishment was assessed by a jury at eight years confinement and a $10,000 fine. Appellant was immediately taken into custody. Appellant remained confined in the Randall County Jail until he was transferred to the Institutional Division of the Texas Department of Criminal Justice, where he remained incarcerated until he was released on bond pending appeal pursuant to article 44.04 of the Texas Code of Criminal Procedure.[1] Appellant's conviction was affirmed by this Court on June 16, 1998, in Cause Number 07-97-0213-CR. The mandate of this Court issued on December 30, 1998. An alias capias was issued and Appellant was reincarcerated on February 17, 1999. On April 26, 1999, Appellant filed a motion with the trial court seeking to suspend further imposition of his sentence pursuant to the procedure commonly referred to as "shock probation." On June 1, 1999, the trial court[2] heard Appellant's motion and ordered that his sentence, but not the

---

[1]Although the date of filing notice of appeal (July 24, 1997) and the date the trial judge approved Appellant's appeal bond (July 23, 1997) appear of record, the actual date of release from incarceration does not appear in the record before us.

[2]The Honorable David Gleason, judge presiding.

2

fine, be suspended in favor of community supervision for ten years. In 2007, the State filed a motion to revoke Appellant's community supervision alleging three violations of the condition that he abstain from alcohol consumption and one violation of the requirement that he pay a supervision fee. On April 24, 2007, Appellant entered a plea of not true to the allegations. Following presentation of testimony and evidence, the trial court revoked Appellant's community supervision, reformed his sentence to seven and one-half years confinement, with no fine, and remanded him to the custody of the Sheriff for transfer to the Institutional Division of the Texas Department of Criminal Justice, where he remains today.

Appellant's original attorney on appeal filed an *Anders*[3] brief in support of a motion to withdraw. Having concluded that an arguable ground for appeal existed, this Court abated this appeal and remanded the case to the trial court for the appointment of new counsel. *See Neugebauer v. State*, No. 07-07-0214-CR, 2008 WL 878425, at *1 (Tex.App.–Amarillo April 2, 2008, no pet.). Appellant's new appellate counsel also filed an *Anders* brief in support of a motion to withdraw. Remaining concerned that an arguable ground for appeal existed, this Court concluded that a potential issue concerning the jurisdiction of the trial court at the time it entered the order placing Appellant on community supervision warranted briefing by counsel. We again abated this appeal and remanded the case to the trial court for the appointment of new counsel. *See Neugebauer v. State*,

---

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3

No. 07-07-0214-CR, 2008 WL 221803, at *2 (Tex.App.–Amarillo May 29, 2008, no pet.).

Appellant's third appellate counsel filed the brief now before this Court raising two issues

and addressing the potential issue concerning the jurisdiction of the trial court at the time

it entered the order placing Appellant on community supervision. Appellant opines the trial

court had jurisdiction when it placed him on "shock probation," more than two years after

the execution of sentence had actually begun, because his incarceration had been

interrupted by reason of his release on bond pending final determination of his original

appeal. The State filed its brief wherein it agreed with Appellant's position.

**Jurisdiction to Grant Shock Probation**

Where, as here, the record itself raises a question as to the trial court's subject-

matter jurisdiction, we must address that issue, *sua sponte,* before proceeding to any other

issue. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other*

*grounds, State v. Medrano,* 67 S.W.3d 892, 903 (Tex.Crim.App. 2002) (threshold issue of

jurisdiction must be disposed of before addressing substantive issues because subject-

matter jurisdiction cannot be conferred by agreement of the parties, but must be vested in

a court by constitution or statute). Where there is no jurisdiction, the power of the court to

act is "as absent as if it did not exist"; *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App.

1980) (quoting *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App. 1964)), and any

order or judgment entered by a court lacking jurisdiction is void. *Nix v. State,* 65 S.W.3d

4

664, 668 (Tex.Crim.App. 2001); *Gallagher v. State,* 690 S.W.2d 587, 588-99 n.1 (Tex.Crim.App. 1985).

For purposes of suspending further imposition of sentence and placing the defendant on shock probation, the jurisdiction of the trial court continues for "180 days from the *date* the execution of the sentence actually *begins*." Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (Vernon 2006) (emphasis added).[4] Execution of sentence *begins* upon the defendant's incarceration. *Bailey v. State,* 160 S.W.3d 11, 14 n.2 (Tex.Crim.App. 2004). A trial court order granting shock probation after it has lost jurisdiction is void. *Ex Parte Busby,* 67 S.W.3d 171, 173 (Tex.Crim.App. 2001), *overruled on other grounds*, *Ex Parte Hale,* 117 S.W.3d 866 (Tex.Crim.App. 2003). A void judgment is a "nullity" and can be attacked at any time. *Ex Parte Patterson,* 969 S.W.2d 16, 19 (Tex.Crim.App. 1998). If the original judgment imposing community supervision is void, then the trial court has no authority to revoke that community supervision, since, with no judgment imposing community supervision, there is nothing to revoke. *Nix*, 65 S.W.3d at 668.

Appellant was originally incarcerated on May 14, 1997; therefore, execution of Appellant's sentence began on May 14, 1997. The trial court's June 1, 1999 *Order Suspending Imposition of Sentence and Placing Defendant on Community Supervision*, which purports to grant Appellant shock probation more than two years after execution of Appellant's sentence actually *began*, was done at a time when the trial court was without

---

[4]Unless otherwise noted, all emphasis contained in this opinion has been added.

jurisdiction to enter that order and is therefore, on its face, void. *See State v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim.App. 1982); *State v. Hatten,* 508 S.W.2d 625, 628 (Tex.Crim.App. 1974).

**Suspension of Execution of Sentence**

Appellant and the State both contend the trial court did have jurisdiction to grant Appellant shock probation because Appellant was not incarcerated for more than 180 days prior to the suspension of sentence, Appellant having been released on bond pending the disposition of his original appeal. While we agree that "execution of the sentence" imposed by the trial court was suspended by reason of Appellant's release on bond pending final determination of the merits of his original appeal, *Houlihan v. State,* 579 S.W.2d 213, 217 (Tex.Crim.App. 1979), § 6 of article 42.12 says nothing about *suspension* of the execution of sentence. The statutory language of § 6 is clear and unambiguous: "the jurisdiction of a court . . . shall continue for 180 days from *the date the execution of sentence actually begins*." When read literally, we have no valid reason to interpret it any way other than as continuing the jurisdiction of the court for a period of time commencing "the date the execution of sentence actually begins."

The State suggests that *Houlihan* stands for the proposition that the 180 day time period contemplated by § 6 continued to run *until* Appellant's notice of appeal was filed and/or his appeal bond was approved, and then *recommenced* when he was incarcerated following the conclusion of his original appeal. We disagree. *Houlihan* is factually

distinguishable in a significant way. In *Houlihan*, the appellant was originally placed on five years community supervision. After his community supervision was revoked, Houlihan gave notice of appeal and he did not begin the actual service of his sentence until after his revocation was affirmed. The Court of Criminal Appeals concluded the trial court had jurisdiction to grant him shock probation because the single, uninterrupted period between the date the execution of sentence actually began and the date the trial court was asked to rule on the appellant's motion for suspension of the imposition of sentence, did not exceed the applicable statutory period of time.[5]

## Issues Pretermitted

Finally, having determined that the order revoking community supervision is void, we pretermit consideration of Appellant's issues pertaining to reformation of that order. While we are mindful of those contentions, our disposition of the jurisdictional issue eliminates the necessity that we consider those issues.[6]

---

[5]As originally enacted the "shock probation" provisions of the Texas Code of Criminal Procedure extended the trial court's jurisdiction by 120 days. *See* Act of May 17, 1977, 65th Leg., R.S., ch. 306, § 1, 1977 Tex. Gen. Laws 821. In 1981, the Legislature extended that period to 180 days. *See* Act of April 15, 1981, 67th Leg., R.S., ch. 69, § 1, 1981 Tex. Gen. Laws 154.

[6]Tex. R. App. P. 47.1.

**Conclusion**

Having concluded the trial court lacked jurisdiction to place Appellant on community supervision when it did, we vacate the trial court's *Order Suspending Imposition of Sentence and Placing Defendant on Community Supervision*. Furthermore, we vacate the trial court's *Judgment Revoking Probation* and remand this case to the trial court with instructions to enter an order advising the Institutional Division of the Texas Department of Criminal Justice that the judgment upon which Appellant is currently being held is the original judgment entered in this cause.

Patrick A. Pirtle
Justice

Publish.