

# NUMBER 13-13-00571-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                              Appellant,

v.

OLIN ANTHONY ROBINSON,                                          Appellee.

## On appeal from the 24th District Court of
## Jackson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides**
**Memorandum Opinion by Justice Garza**

This appeal by the State, by and through the Jackson County District Attorney's

Office, challenges the trial court's October 21, 2013 order granting appellee Olin Anthony

Robinson's motion for "shock probation." *See* TEX. CODE CRIM. PROC. ANN. art. 41.12, §

6(a) (West, Westlaw through 2013 3d C.S.) (providing for trial court's authority to grant "shock probation" to defendants sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ")). By a single issue, the State contends the trial court lacked jurisdiction to grant Robinson's motion because it was granted outside the statutory 180-day jurisdictional period for granting such a motion. *See id.* Concluding that the trial court's October 21, 2013 order placing Robinson on shock probation is void, we vacate that order and dismiss the cause. *See* TEX. R. APP. P. 43.2(e).

## BACKGROUND

On February 10, 2010, a jury convicted Robinson of assault on a public servant, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West, Westlaw through 2013 3d C.S.), and imposed punishment of four years' imprisonment in the TDCJ and a $10,000 fine. Robinson appealed, and this Court affirmed his conviction. *See Robinson v. State*, No. 13-10-065-CR, 2011 WL 861152, at *2 (Tex. App.—Corpus Christi March 10, 2011, pet. ref'd) (mem. op., not designated for publication) (*Robinson I*).

On December 28, 2011, the day that he began serving his sentence, Robinson filed a "Motion for Continuing Jurisdiction Community Supervision," commonly referred to as "shock probation." *See Neugebauer v. State*, 266 S.W.3d 137, 138 (Tex. App.—Amarillo 2008, no pet.). On February 2, 2012, the trial court entered a judgment assessing punishment at four years' imprisonment and a $10,000 fine, but suspending the punishment and placing Robinson on community supervision for four years.

The State appealed, arguing that the trial court erred in granting Robinson's motion without holding a hearing as required by article 42.12, section 6(c) of the code of criminal

2

procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 41.12, § 6(c) (West, Westlaw through 2013 3d C.S.) (providing that a judge may deny a motion for shock probation without a hearing, but may not grant such a motion without a hearing).  We agreed with the State, reversed the February 2, 2012 judgment, and remanded to the trial court for proceedings consistent with our opinion.  *See State v. Robinson*, No. 13-12-00121-CR, 2013 WL 1188101, at *2 (Tex. App.—Corpus Christi March 21, 2013, pet. ref'd) (mem. op., not designated for publication) (*Robinson II*).

On October 21, 2013, the trial court held a hearing on Robinson's motion for continuing jurisdiction community supervision.  The trial court also heard the State's motion to dismiss Robinson's motion.  The State argued that the trial court lacked jurisdiction to grant the motion because more than 180 days had elapsed after the execution of Robinson's sentence began on December 28, 2011.  Robinson argued that, because this Court in *Robinson II* reversed the February 2, 2012 judgment and remanded to the trial court for further proceedings, Robinson was placed in the same posture as if a new hearing had been granted by the trial court.

At the conclusion of the hearing, the trial court granted Robinson's motion and placed him on shock probation for a period of four years.  The court further ordered that the $10,000 fine be paid in monthly payments.  The trial court signed the order the same day, October 21, 2013.  The State appealed from this order.

## II. STATE'S RIGHT TO APPEAL

We first note that Robinson argues on appeal that this Court lacks subject-matter jurisdiction to entertain an appeal of a trial court order granting shock probation.  We disagree.  We decided this issue in *Robinson II*.  *See* 2013 WL 1188101, at *1.  There,

3

we held that the State has a right to appeal the trial court's order/judgment granting shock probation under article 44.01(a)(2) of the code of criminal procedure because the order "'arrest[ed] or modifie[d] a judgment.'" *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (West, Westlaw through 2013 3d C.S.)) (providing that the state is entitled to appeal an order of a court in a criminal case if the order arrests or modifies a judgment). For the same reason, we conclude that the State has a right to appeal the October 21, 2013 order.

### III. DISCUSSION: JURISDICTION TO GRANT SHOCK PROBATION

By its sole issue, the State contends that the trial court lacked jurisdiction to grant shock probation because the October 21, 2013 order granting it was issued almost two years after the date that Robinson began serving the sentence on December 28, 2011. We agree with the State. As noted in *Neugebauer*,

> For purposes of suspending further imposition of sentence and placing the defendant on shock probation, the jurisdiction of the trial court continues for "180 days from the *date* the execution of the sentence actually *begins*." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (Vernon 2006) (emphasis added). Execution of sentence begins upon the defendant's incarceration. *Bailey v. State*, 160 S.W.3d 11, 14 n. 2 (Tex. Crim. App. 2004). A trial court order granting shock probation after it has lost jurisdiction is void. *Ex Parte Busby*, 67 S.W.3d 171, 173 (Tex. Crim. App. 2001), *overruled on other grounds*, *Ex Parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003). A void judgment is a "nullity" and can be attacked at any time. *Ex Parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998).

266 S.W.3d at 139 (footnote omitted).

It is undisputed that execution of Robinson's sentence began on December 28, 2011. Robinson's sworn motion for shock probation states that he began serving his sentence on December 28, 2011. The October 31, 2013 order which purports to grant Robinson shock probation was issued well outside the statutory 180-day period after

4

Robinson began serving his sentence on December 28, 2011. Therefore, the trial court was without jurisdiction to issue the October 31, 2013 order, and the order is therefore void. *See id.* at 140 (citing *State v. McDonald*, 642 S.W.2d 492, 493 (Tex. Crim. App. 1982); *State v. Hatten*, 508 S.W.2d 625, 628 (Tex. Crim. App. 1974)); *see also State ex rel. Bryan v. McDonald*, 642 S.W.2d 492, 493 (Tex. Crim. App. 1982) ("It is clear that the trial court's jurisdiction to grant shock probation continues only for 180 days from the date the execution of the sentence actually begins. Any action taken by the trial court, after the 180th day is void because the court is acting without jurisdiction."); *Hunt v. State*, No. 01-88-01193-CR, 1990 WL 31593, at \*2 (Tex. App.—Houston [1st Dist.] March 22, 1990, pet. ref'd) (not designated for publication) (holding trial court's order granting shock probation was void because issued 183 or 182 days after appellant's sentence was executed).

Robinson does not address the clear language of section six of article 42.12. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6.[1] Nor does he attempt to distinguish the

---

[1] Article 42.12, section 6(a) provides:

For the purposes of this section, the jurisdiction of a court imposing a sentence requiring imprisonment in the Texas Department of Criminal Justice for an offense other than a state jail felony continues for 180 days from the date the execution of the sentence actually begins. Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may on his own motion, on the motion of the attorney representing the state, or on the written motion of the defendant, suspend further execution of the sentence and place the defendant on community supervision under the terms and conditions of this article, if in the opinion of the judge the defendant would not benefit from further imprisonment and:

   (1) the defendant is otherwise eligible for community supervision under this article; and

   (2) the defendant had never before been incarcerated in a penitentiary serving a sentence for a felony.

TEX. CRIM. PROC. CODE ANN. art. 42.12, § 6(a) (West, Westlaw through 2013 3d C.S.)

interpretation and application of the statute in *McDonald*, *Neugebauer*, and *Hunt*. *See McDonald*, 642 S.W.2d at 493; *Neugebauer*, 266 S.W.3d at 140; *see also Hunt*, 1990 WL 31593, at *2. The only argument Robinson makes is the general proposition that "[w]hen a court of appeals reverses and remands a case to the trial court without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal." *See McNatt v. State*, 188 S.W.3d 198, 201 (Tex. Crim. App. 2006). While we do not dispute the general proposition posited by Robinson, he has cited no authority applying the proposition to expand the jurisdictional period defined by article 42.12 section six, and we find none. As the *Neugebauer* court stated,

> Appellant and the State both contend the trial court did have jurisdiction to grant Appellant shock probation because Appellant was not incarcerated for more than 180 days prior to the suspension of sentence, Appellant having been released on bond pending the disposition of his original appeal. While we agree that "execution of the sentence" imposed by the trial court was suspended by reason of Appellant's release on bond pending final determination of the merits of his original appeal, *Houlihan v. State*, 579 S.W.2d 213, 217 (Tex. Crim. App. 1979), § 6 of article 42.12 says nothing about *suspension* of the execution of sentence. The statutory language of § 6 is clear and unambiguous: "the jurisdiction of a court . . . shall continue for 180 days from *the date the execution of sentence actually begins*." When read literally, we have no valid reason to interpret it any way other than as continuing the jurisdiction of the court for a period of time commencing "the date the execution of sentence actually begins."

266 S.W.3d at 140 (emphasis in original). We agree and sustain the State's sole issue.

## IV. CONCLUSION

The trial court's October 21, 2013 order placing Robinson on shock probation is void. Having determined the October 21, 2013 order to be a nullity, we vacate that order and dismiss the cause. *See* TEX. R. APP. P. 43.2(e). We further find that when a trial court acts entirely without jurisdiction, the proper remedy is to return the parties to the positions they occupied prior to the trial court's actions. *See State v. Fielder*, 376 S.W.3d

6

784, 787 (Tex. App.—Waco 2011, no pet.) (citing *Deifik v. State*, 58 S.W.3d 794, 798 (Tex. App.—Fort Worth 2001, pet. ref'd)); *see also Moore v. State*, No. 09-06-532-CR, 2008 WL 1904247, at *5 (Tex. App.—Beaumont April 30, 2008, no pet.). Therefore, the trial court's February 10, 2010 judgment of conviction and sentence is in full force and effect. *See Fielder*, 376 S.W.3d at 787.

                                        DORI CONTRERAS GARZA,
                                        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of August, 2014.