

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00089-CR

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2557, Honorable Gordon H. Green, Presiding

February 12, 2015

CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I concur in the result and the discussion about counsel's ineffectiveness at the initial plea hearing. Yet, I am also concerned about the application of *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013) (reaffirming prior authority holding that "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision") to the circumstances before us. My concern is avoided though when considering this court's opinion in *Neugebauer v. State*, 266

S.W.3d 137 (Tex. App.—Amarillo 2008, no pet.). There we held that "[i]f the original judgment imposing community supervision is void, then the trial court has no authority to revoke that community supervision, since, with no judgment imposing community supervision, there is nothing to revoke." *Id.* at 139.

I analogize the situation here to one wherein the sentence is not authorized by law. Should such a sentence be levied, it is void or illegal. *Ex parte Pena*, 71 S.W.3d 336 n.2 (Tex. Crim. App. 2002). While this is really not a case where the sentence was illegal (since a sentence requires a conviction and deferring the adjudication is not a conviction and, therefore, a sentence), the course of action undertaken by the trial court was prohibited by statute. Thus, it was void. Being void, it never occurred.

So, as we observed in *Neugebauer*, since the original judgment deferring the adjudication of appellant's guilt and placing him on community supervision was void, the trial court had nothing before it to revoke. Thus, its judgment should be reversed, and the parties should begin anew as if the defendant had never been placed on deferred adjudication or agreed to a plea bargain that the law barred the trial court from enforcing.

Brian Quinn
Chief Justice

Publish.