PD-0290-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/16/2015 4:58:38 PM
Accepted 3/18/2015 3:54:42 PM
ABEL ACOSTA
CLERK

No. 07-13-00089-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOHN DENNIS CLAYTON ANTHONY,                                    Appellant

v.

THE STATE OF TEXAS,                                            Appellee

Appeal from Bailey County

\* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS                  \* \* \* \* \*

March 18, 2015

ABEL ACOSTA, CLERK

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**1) When Appellant pled guilty to sexual assault of a child under fourteen, did the court of appeals err by holding that he was ineligible for deferred adjudication because the child was under six, based on an unexplained finding in the judgment that was not pled, supported by the record, or orally pronounced?**

**2) Did the court of appeals err by finding deficient performance and prejudice due to counsel's advice that Appellant was eligible for deferred adjudication when there is no evidence of how counsel advised Appellant, no evidence of how that advice affected the plea, and Appellant actually received deferred adjudication?**

**3) Did the court of appeals err by finding ineffective assistance of counsel based on an unexplained finding in the judgment without addressing the State's threshold arguments about the validity of the judgment entry, preservation, and estoppel?**

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX  (Opinion of the Court of Appeals)

i

## IDENTITY OF THE PARTIES

Appellant: **John Dennis Clayton Anthony**.

Appellee: **The State of Texas**.

Trial Judge: Hon. **Gordon H. Green**.

Trial counsel for Appellant: Plea of Guilty: **Terry McEachern**, Attorney at Law, 700 Broadway, #20, Plainview, Texas 79072. Adjudication of Guilt: **Christian Pollard**, Attorney at Law, 700 Broadway, Plainview, Texas 79072.

Appellate Counsel for Appellant: **Don F. Schofield**, Attorney at Law, 112 W. 8th, Suite 530, Amarillo, Texas 79101.

Trial counsel for the State: **Kathryn Gurley**, District Attorney, P.O. Box 729, Friona, Texas 79035.

Appellate counsel for the State: **Kathryn Gurley,** District Attorney, P.O. Box 729, Friona, Texas 79035, and **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# INDEX OF AUTHORITIES

**Cases**

*Anthony v. State*, __S.W.3d __ , No. 07-13-00089-CR
(Tex. App.– Amarillo Feb. 12, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 9n

*Avery v. State*, 359 S.W.3d 230 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . . . . 6

*Brooks v. State*, 957 S.W.2d 30 (Tex.Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . 5

*Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . 5

*Ford v. State*, 305 S.W.3d 530 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . 9

*Manuel v. State*, 994 S.W.2d 658 (Tex Crim. App. 1999). . . . . . . . . . . . . . . . . . 9

*Puente v. State*, 320 S.W.3d 352 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . 6

*Rhodes v. State,* 240 S.W.3d 882 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . 10

*Thompson v. State*, 9 S.W. 3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . 7

*Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . 4

**Codes and Rules**

TEX. CODE CRIM. PROC. art. 42.12, § 5(d)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. PENAL CODE ANN. §§ 22.021(a)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TEX. PENAL CODE ANN. § § 22.021(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5n

TEX. PENAL CODE ANN. § 22.021(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

TEX. R. APP. P. 47.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

No. 07-13-00089-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOHN DENNIS CLAYTON ANTHONY,                                    Appellant

v.

THE STATE OF TEXAS,                                             Appellee

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State of Texas, by and through its State Prosecuting Attorney, respectfully

urges this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

Appellant was charged with aggravated sexual assault. Pursuant to a plea

bargain, he pled guilty and was placed on deferred adjudication community

1

supervision for eight years. Four years later, the trial court granted the State's third motion to adjudicate and sentenced Appellant to life. On appeal from the adjudication, he claimed that the offense for which he was convicted was not eligible for deferred adjudication and ,as a result, his counsel was ineffective and his original plea of guilty was involuntary.

## STATEMENT OF PROCEDURAL HISTORY

On February 12, 2015, the Court of Appeals reversed the conviction in a published opinion. *Anthony v. State*, __S.W.3d__, No. 07-13-00089-CR (Tex. App.–Amarillo Feb. 12, 2015). Neither party filed a motion for rehearing.

## QUESTIONS FOR REVIEW

**1) When Appellant pled guilty to sexual assault of a child under fourteen, did the court of appeals err by holding that he was ineligible for deferred adjudication because the child was under six, based on an unexplained finding in the judgment that was not pled, supported by the record, or orally pronounced?**

**2) Did the court of appeals err by finding deficient performance and prejudice due to counsel's advice that Appellant was eligible for deferred adjudication when there is no evidence of how counsel advised Appellant, no evidence of how that advice affected the plea, and Appellant actually received deferred adjudication?**

**3) Did the court of appeals err by finding ineffective assistance of counsel based on an unexplained finding in the judgment without addressing the State's threshold arguments about the validity of the judgment entry, preservation, and estoppel?**

2

# ARGUMENT

## Introduction

The judgment in this case includes an enhancement finding that was neither sought by the State, supported by the record, or pronounced in open court. Instead of addressing the validity of the judgment, preservation of error, or estoppel, as the State argued in its brief, the court of appeals assumed facts not in the record and issued a published opinion that is logically unsound and conflicts with binding case law from this Court.

The indictment alleged that Appellant sexually assaulted a child under fourteen, and Appellant was admonished on the range of punishment for a first degree felony. CR: 6; RRI: 5-6. The only evidence offered in support of the plea was State's Exhibit 1, the stipulation of evidence, which tracks the language in the indictment. CR:30; RRI:11. Trial court followed the plea bargain and assessed punishment at eight years deferred adjudication. RRI: 16. The judgment includes a recitation that, "The age of the victim at the time of the offense was three (3) years." CR: 43.

TEX. CODE CRIM. PROC. art. 42.12, § 5(d)(3)(B) provides, "[T]he judge may grant deferred adjudication unless...the defendant is charged with an offense under...Section 22.021, Penal Code, that is punishable under Subsection (f) of that section...." TEX. PENAL CODE ANN. § 22.021(f)(1) provides, "The minimum term of

3

imprisonment for an offense under this section is increased to 25 years if... the victim

of the offense is younger than six years of age at the time the offense is committed.

**1) When Appellant pled guilty to sexual assault of a child under fourteen, did the court of appeals err by holding that he was ineligible for deferred adjudication because the child was under six, based on an unexplained finding in the judgment that was not pled, supported by the record, or orally pronounced?**

The court of appeals proclaimed, "In this case, the victim was younger than six

years of age at the time the offense was committed." *Anthony*, Slip op. at 3. It then

held, "Because Appellant was charged with an offense punishable under section

22.021(f) and because the minimum term of imprisonment exceeded ten years, the

trial court was never authorized to place Appellant on deferred adjudication

community supervision." *Id*. at 3-4. These two sentences were the foundation for the

rest of the opinion. Both are incorrect.

First, no evidence was presented at the plea proceeding that the child was under

six years old; Appellant's stipulation was that she was under fourteen. The judgment

entry stating that the victim was three years old was improper because it was not

supported by the record. *See Young v. State*, 14 S.W.3d 748, 750-53 (Tex. Crim.

App. 2000) (addressing sufficiency of the evidence to support drug-free zone

punishment enhancement). Furthermore, the record does not indicate that Appellant

was given notice of the enhancement. Although enhancement allegations need not

4

be pled in the indictment, the defendant must be given some form of notice of the State's intent to increase the applicable range of punishment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). And the trial court did not pronounce the finding when it assessed punishment. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (when there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls).

Second, the court of appeals erred by holding that Appellant was "charged with an offense punishable under section 22.021(f)." He was charged with an offense under TEX. PENAL CODE ANN. § 22.021(a)(2)(B),[1] a first degree felony.[2] There is no mention in the record of subsection (f) and the record does not indicate that the parties ever contemplated it. In fact, the opposite appears to be true since the victim's age was not pled or proved, and the entry in the judgment was not pronounced in open court.[3]

---

[1] "A person commits an offense...if the person...intentionally or knowingly...causes the penetration of the anus or sexual organ of a child by any means...and...if...the victim is younger than 14 years of age."

[2] TEX. PENAL CODE ANN. § 22.021(e).

[3] The origin of or reason for the judgment entry is not apparent and may have been inadvertent or made without knowledge that it amounted to an enhancement finding. The State's brief in the court of appeals argued that it was a clerical error that should be corrected by a judgment *nunc pro tunc*. State's brief at p. 5, 7-9.

The court of appeals seemed flummoxed by this, pointing out, "In this case, every legally trained party involved, the trial court, the prosecutor, and Appellant's own counsel, incorrectly believed Appellant was eligible for deferred adjudication community supervision." Slip op at 7. But the judge and parties did not discuss subsection (f) for good reason. Even if the victim was actually under six, this offense was not punishable under subsection (f), because the State did not prosecute it as such. It is the State's prerogative to decide which offense to charge. *See Avery v. State*, 359 S.W.3d 230, 236 (Tex. Crim. App. 2012) (prosecutors have discretion to charge the offense that best fits the conduct or has the most appropriate punishment range). And even if the State initially charges the offense under subsection (f), that provision can be waived. *See, e.g.*, *Puente v. State*, 320 S.W.3d 352, 354 (Tex. Crim. App. 2010) (State amended indictment to delete under six language to eliminate mandatory minimum punishment of 25 years from subsection (f)). Because this case was not punishable under subsection (f), counsel did not render ineffective assistance of counsel by failing to advise Appellant that it was.

> **2) Did the court of appeals err by finding deficient performance and prejudice due to counsel's advice that Appellant was eligible for deferred adjudication when there is no evidence of how counsel advised Appellant, no evidence of how that advice affected the plea, and Appellant actually received deferred adjudication?**

6

Alternatively, the court of appeals erred by holding that counsel gave Appellant incorrect advice without a record showing what advice he actually gave. A claim of ineffective assistance of counsel must be "firmly founded in the record." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The only evidence of counsel's advice is what was said in open court. There is no evidence of what counsel advised Appellant off the record regarding the State's plea offer or the strength of its case. Ineffective assistance of counsel is normally raised on habeas corpus or in a motion for new trial, so that a hearing can be held and a record developed. *See id.* at 814, n6. ("[I]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*.").

Just as there is no evidence of what advice counsel gave, there is no showing that Appellant was prejudiced by it. The court of appeals treats this case as if Appellant was duped into entering an open plea, ineligible for the punishment he sought, and liable for one he did not anticipate. The court of appeals held:

> If Appellant would have known he was facing a minimum period of twenty-five years confinement instead of deferred adjudication community supervision, there is a reasonable probability that he would not have stipulated to the evidence against him and entered a plea of guilty without the agreed upon recommendation as to punishment. By inducing him to enter a plea of guilty through the false promise of community supervision, there is a reasonable probability Appellant waived valuable rights and entered a plea of guilty.

7

Slip op. at 8. Deferred adjudication was not a "false promise." It is the punishment Appellant actually received when the trial court accepted the plea bargain after fully admonishing him of the consequences. The court of appeals fails to explain the logic in its conclusion that Appellant would not have accepted a punishment that was too lenient had he known he was ineligible for it.

**3) Did the court of appeals err by finding ineffective assistance of counsel based on an unexplained finding in the judgment without addressing the State's threshold arguments about the validity of the judgment entry, preservation, and estoppel?**

A court of appeals must address every issue that is raised and necessary for the disposition of the appeal. TEX. R. APP. P. 47.1. The State made three arguments that would have resulted in a different outcome had the court of appeals addressed them. These were threshold issues that would have made it unnecessary for the court to address the merits of the ineffective assistance/involuntary plea claim.

First, the State argued that the finding in the judgment that the victim was three years old was not supported by the record and should be deleted. State's brief at p. 5, 7-9.[4] The judgment entry was the lynchpin of the court of appeals' opinion.

---

[4]The court of appeals partially quoted the State's brief to make it appear that it conceded that the punishment was improper in this case, but it did not. According to the court of appeals, "The State concedes in its brief 'that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment

Without it, there would have been no basis for the court of appeals to conclude that Appellant's offense was "punishable under" subsection (f) and ineligible for deferred adjudication. In turn, there would have been no grounds for its determination that counsel was ineffective.

Second, the State argued that Appellant forfeited any challenge to his original plea by raising it for the first time on appeal from the adjudication of guilt. State's brief at p. 10-11, 16. "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex Crim. App. 1999). Preservation of error is systemic and must be addressed by a court of appeals even if it is not raised by the State. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Third, the State argued that Appellant was estopped from complaining that his deferred adjudication was improper. State's brief at p. 18-19. A defendant who has

---

for Aggravated Sexual Assault, child younger than 6 years of age.'" *Anthony*, Slip op. at 3. What the State actually said was, "*If this court does not enter an order nunc pro tunc correcting the judgments in question*, the State concedes that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment for Aggravated Sexual Assault, child younger than 6 years of age." State's brief at p.17.

enjoyed the benefits of an agreed punishment that is too lenient is estopped from collaterally attacking it. *Rhodes v. State,* 240 S.W.3d 882, 892 (Tex. Crim. App. 2007). Appellant was on deferred adjudication community supervision for four years and only challenged its validity upon revocation. Although his appeal did not directly challenge its legality, he should not be able to use an ineffective assistance of counsel claim as an end-run around the consequences of estoppel.

**Conclusion**

The court of appeals was faced with an inconsistency between a recitation in the judgment and the trial proceedings, including the punishment assessed. The simplest, most obvious remedy in this case was to delete from the judgment the improper finding that the victim was three years old.[5] This could have been accomplished in a short, unpublished memorandum opinion modifying the judgment or even a remand to the trial court to explain the unsupported finding. Instead, the court disregarded the State's arguments and made a series of logical missteps, legal errors, and incorrect assumptions to find counsel ineffective in a published opinion. This Court should exercise its supervisory powers and grant review.

---

[5]There is no evidence that the trial court subjected, or intended to subject, Appellant to subsection (f) punishment during the original plea or upon adjudication. Even though the improper finding appears in both judgments, the trial judge advised Appellant of the punishment range for an unenhanced offense at both the original plea hearing and the adjudication hearing. RRI: 5-6; RRIII: 5.

10

**PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant this Petition for Discretionary Review, that the case be set for submission, and that after submission, this Court reverse the decision of the Court of Appeals.

Respectfully submitted,

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

11

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the WordPerfect word count tool this document contains 3090 words.

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th  day of March, 2015, the State's Petition for Discretionary Review was served via certified electronic service provider to:

Kathryn H. Gurley
287th Judicial District Attorney
P.O. Box 729
Friona, Texas 79035
districtattorney@parmercounty.net

Donald F. Schofield
112 West 8th, Suite 530
Amarillo, Texas 79101
dsatty1@att.net

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

12

**APPENDIX**



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-13-00089-CR

———————————————

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2557; Honorable Gordon H. Green, Presiding

February 12, 2015

OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 14, 2009, Appellant, John Dennis Clayton Anthony, entered a plea of guilty to the offense of aggravated sexual assault[1] in exchange for a recommendation of deferred adjudication community supervision. At that time, the trial court accepted the plea agreement and, pursuant to the terms thereof, placed Appellant on deferred

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014).

adjudication community supervision for a term of eight years. The *Order of Deferred Adjudication* found the age of the victim to be three years at the time of the offense.

On February 15, 2013, the State moved to proceed with an adjudication of guilt alleging Appellant had violated the terms and conditions of his community supervision. At a hearing on the State's motion, Appellant entered pleas of true, and after hearing testimony, the trial court adjudicated him guilty of the offense charged and assessed punishment at confinement for life. The *Judgment* again found the age of the victim, at the time of the offense, to be three years.

Appellant now seeks to reverse the trial court's decisions to revoke his deferred adjudication community supervision, adjudicate him guilty of the offense of aggravated sexual assault and assess the maximum period of confinement. By three issues, Appellant contends (1) he was denied both due process and equal protection because his plea was neither knowingly nor voluntarily made, (2) the trial court abused its discretion when it entered an order in contravention of article 42.12, section 5(d)(3)(B) of the Texas Code of Criminal Procedure,[2] and (3) he was denied effective assistance of counsel. The State asserts the deferred adjudication order was not illegal or, in the alternative, Appellant waived any error by failing to timely object and appeal the order of deferred adjudication. The State also contends Appellant was not denied effective assistance of counsel. We reverse and remand.

BACKGROUND

The indictment in this case charges Appellant with the offense of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014). The

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B) (West Supp. 2014).

2

minimum term of imprisonment for an offense under section 22.021 is twenty-five years if the victim of the offense is younger than six years of age at the time the offense is committed.  *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2014).  In this case, the victim was younger than six years of age at the time the offense was committed.

In 2007, the Legislature amended article 42.12 of the Texas Code of Criminal Procedure to provide that deferred adjudication community supervision is not available for defendants charged with certain crimes, including those punishable under section 22.021(f) of the Texas Penal Code.[3]  *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.07, 2007 Tex. Gen. Laws 1120, 1123-24 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B) (West Supp. 2014)).  The statute took effect on September 1, 2007, and applies to offenses committed after that date.  2007 Tex. Gen. Laws at 1148. Because the offense charged in this case is alleged to have been committed on September 11, 2008, it was punishable under subsection (f)(1) of section 22.021.  *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2014).

The State concedes in its brief "that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment for Aggravated Sexual Assault, child younger than 6 years of age."  Because Appellant was charged with an offense punishable under section 22.021(f) and because the minimum term of imprisonment exceeded ten years, the trial court was never authorized to place

---

[3] *Cf.* TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(a) (West Supp. 2014) (providing that, except as provided by subsection (d), a defendant charged with an offense under section 22.021 of the Penal Code may be placed on deferred adjudication community supervision, regardless of the age of the victim, "if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim").  Not only was no such finding made in this case, section 5(a) expressly states that it is inapplicable where section 5(d) provides otherwise.

Appellant on deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3(e)(1) and 5(d)(3)(B) (West Supp. 2014).

Appellant contends his original plea was involuntary because it was based, in part, on the representation that he was eligible for deferred adjudication community supervision and, but for that representation, he would not have given up his right to a jury trial and entered a plea of guilty. He further contends that he was prejudiced by the ineffective assistance of his counsel in failing to correctly advise him. Because we find the ineffective assistance of counsel claim to be dispositive, we will address that issue first and pretermit the remaining issues.

INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees an accused the assistance of counsel to prepare a defense. *See* U.S. CONST. amend. VI. The Sixth Amendment right to counsel has been interpreted as "the right to effective assistance of counsel." *Robinson v. State*, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). We examine an ineffective assistance of counsel claim by the two-pronged standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas).

Under *Strickland,* Appellant has the burden of establishing by a preponderance of the evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is,

4

but for the deficiency, there is a "reasonable probability" that the outcome of the proceedings would have been different. *See Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Thompson,* 9 S.W.3d at 812. The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 68 L. Ed. 2d 203 (1985). An appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813.

DEFICIENT PERFORMANCE

In conducting a deficient performance review, counsel's conduct is to be viewed with great deference, *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005), bearing in mind that there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. Consequently, to overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record. *Id.* at 813-14.

Here, counsel provided Appellant incorrect legal advice concerning the range of punishment applicable to the offense charged. Counsel's incorrect legal advice was reinforced and compounded by the acquiescence of both the prosecutor and the trial judge. Not knowing the law applicable to the offense charged is competence below the professional norm. Accordingly, because obtaining a guilty plea in exchange for a recommendation that was not legally available deprives the accused of the opportunity

5

of making an intelligent choice among legally available courses of action, we find the record clearly establishes that the performance of Appellant's trial counsel was deficient in that it fell below the prevailing professional norms. Based on our examination of the entire record, we hold Appellant has established the first prong of the *Strickland* test by a preponderance of the evidence. We now turn to the question of whether Appellant was prejudiced by counsel's deficient performance.

PREJUDICE

When examining ineffective assistance of counsel in the context of a challenge to the voluntariness of a plea of guilty based on the incorrect advice of counsel, to satisfy the "prejudice" prong of the *Strickland* test, an appellant must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Hill*, 474 U.S. at 59. Here, we need look no further than the negotiated plea bargain itself to find prejudice. In a negotiated plea bargain that contemplates a particular offense of conviction and punishment to be imposed, the accused expressly gives up a whole host of constitutional and procedural rights, including the right to a jury trial, the right of confrontation of witnesses, the right to require the State to prove the charges being made beyond a reasonable doubt and the right to remain silent. In such situations, confidence in the outcome of the contemplated plea bargain mandates that an accused be able to reasonably rely on the competent advice of a legally trained professional. Defense counsel's mistaken belief that Appellant was eligible for deferred adjudication community supervision, compounded by the misguided consensus of the prosecutor and the trial court, resulted in an erroneous

6

understanding of the law applicable to his case, which reasonably induced Appellant into entering a plea of guilty.

In that regard, it is well established that a guilty plea must be entered into knowingly and voluntarily. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Ex parte Mable,* 443 S.W.3d at 131 (quoting *McCarthy*, 394 U.S. at 466). The applicable standard of review is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the accused. *Id.*

In his attempt to understand the law and make an intelligent choice as to whether to plead guilty and forego a jury trial, Appellant should have been able to confidently rely upon the advice of his legal counsel regarding both the range of punishment for the offense charged and his eligibility for community supervision. In other words, an intelligent choice among alternative courses of action must be voluntary and "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill,* 474 U.S. at 56 (quoting *McMann*, 397 U.S. at 771).

In this case, every legally trained party involved, the trial court, the prosecutor and Appellant's own counsel, incorrectly believed Appellant was eligible for deferred adjudication community supervision. The voluntariness of Appellant's plea is crucial to this case, and Appellant cannot be said to have entered his plea knowingly and

7

intelligently if he did so while operating under a misunderstanding of the law applicable to such a critical phase of his case.

The right to competent legal advice and the effective assistance of counsel involved here speaks to the very integrity of plea bargain practice and its role in the judicial sentencing process. The relinquishment of important legal rights in reliance upon incorrect legal advice, confirmed and acquiesced in by the trial court, concerning the range of punishment and impacting an accused's right to voluntarily and intelligently exercise sentencing choices, undermines both the proper functioning of our adjudicatory process and public confidence in the integrity of such proceedings.

Nothing in the record suggests the quality of evidence available to the State to support its indictment. To the contrary, the record reflects that the victim would have been a child of tender years with limited ability to testify as to the facts and circumstances surrounding the offense. If Appellant would have known he was facing a minimum period of twenty-five years confinement instead of deferred adjudication community supervision, it is reasonable to conclude he would not have stipulated to the evidence against him and entered a plea of guilty without the agreed upon recommendation as to punishment. By inducing him to enter a plea of guilty through the false promise of community supervision, there is a reasonable probability Appellant waived valuable rights and entered a plea of guilty. Therefore, but for counsel's errors, there is also a reasonable probability the result of the proceeding would have been different.[4] Under *Strickland*, that is sufficient to undermine confidence in the outcome of

---

[4] Because counsel's advice was incorrect and Appellant was ineligible for community supervision, assuming the trial court applied the law correctly, there is not only a reasonable probability that the result of the proceeding would have been different, there is an absolute certainty.

the proceeding.  Accordingly, Appellant has satisfied the second prong of the *Strickland* test for establishing ineffective assistance of counsel.

Having found Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment, we sustain issue three and reverse the judgment of the trial court.  Our disposition of issue three makes it unnecessary for us to address Appellant's first and second issues.  *See* TEX. R. APP. P. 47.1.

CONCLUSION

We reverse the judgment of the trial court and order that Appellant be remanded to the Bailey County Sheriff to answer the charge against him.  We further order that he be allowed to withdraw his plea of guilty and that he be returned to his position prior to that plea.[5]  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Patrick A. Pirtle
Justice

Publish.

---

[5] It should be noted that by being restored to the position he held prior to his original plea, Appellant is still facing a sentence of imprisonment in the Texas Department of Corrections for any term of not less than 25 years or more than 99 years or life, and a fine not to exceed $10,000.  *See* TEX. PENAL CODE ANN. §§  12.32 & 22.021(f)(1) (West 2011 & West Supp. 2014).



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00089-CR

---

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2557, Honorable Gordon H. Green, Presiding

---

February 12, 2015

## CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I concur in the result and the discussion about counsel's ineffectiveness at the initial plea hearing. Yet, I am also concerned about the application of *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013) (reaffirming prior authority holding that "an appellant will not be permitted to raise on appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision") to the circumstances before us. My concern is avoided though when considering this court's opinion in *Neugebauer v. State*, 266

S.W.3d 137 (Tex. App.—Amarillo 2008, no pet.). There we held that "[i]f the original judgment imposing community supervision is void, then the trial court has no authority to revoke that community supervision, since, with no judgment imposing community supervision, there is nothing to revoke." *Id.* at 139.

I analogize the situation here to one wherein the sentence is not authorized by law. Should such a sentence be levied, it is void or illegal. *Ex parte Pena*, 71 S.W.3d 336 n.2 (Tex. Crim. App. 2002). While this is really not a case where the sentence was illegal (since a sentence requires a conviction and deferring the adjudication is not a conviction and, therefore, a sentence), the course of action undertaken by the trial court was prohibited by statute. Thus, it was void. Being void, it never occurred.

So, as we observed in *Neugebauer*, since the original judgment deferring the adjudication of appellant's guilt and placing him on community supervision was void, the trial court had nothing before it to revoke. Thus, its judgment should be reversed, and the parties should begin anew as if the defendant had never been placed on deferred adjudication or agreed to a plea bargain that the law barred the trial court from enforcing.

Brian Quinn
Chief Justice

Publish.

2